# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40987

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUVAR ROJAS-MURGA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CV-6
USDC No. 2:12-CR-896-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Eduvar Rojas-Murga (Rojas), federal prisoner # 25243-379, pleaded guilty to illegal reentry and was sentenced to 46 months in prison. This court dismissed his direct appeal as frivolous, and the United States Supreme Court denied Rojas's request for a writ of certiorari. After his 28 U.S.C. § 2255 motion was dismissed on the merits, Rojas filed a motion to correct his sentence pursuant to Federal Rule of Criminal Procedure 35(a). The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40987

determined that the Rule 35(a) motion was untimely.  In addition, the court construed the Rule 35(a) motion as a successive § 2255 motion, concluded that it did not have jurisdiction to consider the motion because Rojas had not obtained this court's authorization to file it, and therefore denied it as an unauthorized successive § 2255 motion.  The district court also denied Rojas's motion to proceed in forma pauperis (IFP) on appeal, certifying that the appeal was not taken in good faith, because the Rule 35(a) motion was not timely filed. Rojas has appealed and moves for a certificate of appealability (COA) and leave to proceed IFP.

To the extent that Rojas challenges the district court's denial of his motion as an unauthorized successive § 2255 motion, a COA is required.  28 U.S.C. § 2253(c)(1)B).  Insofar as Rojas challenges the denial of his Rule 35(a) motion as untimely filed, a COA is not required.  *See Ojo v. INS*, 106 F.3d 680, 681 (5th Cir. 1997).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  When the district court's denial of federal collateral relief is based on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  An applicant satisfies the *Slack* standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

In his COA motion, Rojas does not challenge the district court's determination that his Rule 35(a) motion was an unauthorized successive

2

No. 14-40987

§ 2255 motion.  He, therefore, has failed to make the required COA showing. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999); *Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Because Rojas has failed to show "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further," *Miller-El*, 537 U.S. at 327, his request for a COA is DENIED.

Although a COA is not required for the appeal of a denial of a Rule 35(a) motion, Rojas still must show a nonfrivolous issue for appeal.  *See* FED. R. APP. P. 24(a); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  In his IFP motion, Rojas does not address the district court's reason for denying IFP, i.e., that his Rule 35 motion was not timely filed.  By failing to discuss the district court's rationale for denying his IFP motion, Rojas has abandoned the issue, and it is the same as if he had not appealed the judgment.  *See Brinkmann*, 813 F.2d at 748.  Because Rojas has failed to demonstrate that he will raise a nonfrivolous issue on appeal, his motion to proceed IFP is denied.  *See* FED. R. APP. P. 24(a); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  The appeal is without merit and is dismissed as frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

COA and IFP DENIED; APPEAL DISMISSED.